Battle, J,
 

 We fully concur in the propriety of the non-suit by the Judge in the Court below. In the deduction of his title, the lessor of the plaintiff claimed under a deed from one James Gray to Milly Sale and Edna Johnson, and a conveyance purporting to be a deed from the said Milly Sale and JSdna Johnson, but signed and sealed as well by their husbands (they being married women) as themselves. The deed from James Gray passed a life-estate only to the grantees for the want of the word “ heirs,” and that was not enlarged into a fee by the covenant of warranty “ to them and their heirs;”
 
 *504
 

 Seymour’s case,
 
 10 Coke’s Rep. 97;
 
 Roberts
 
 v.
 
 Forsythe,
 
 3 Dev. Rep. 26;
 
 Snell
 
 v.
 
 Young,
 
 3 Ire. Rep. 379.
 

 The grantees having life-estates only in the land conveyed to them, their husbands could not become tenants by the curtesy, nor acquire any other interest in the land than the right to receive the rents and profits during coverture. One of the grantees having died, her interest, of course, terminated, so that no question can arise about the validity, as to her, of the alleged conveyance from her and the other grantee to the lessor of the plaintiff. But if it could, we should hold as to her, what we do as to the other, that it is void as being the deed of a woman laboring under the disability of coverture. The husbands are not mentioned in the deed as parties to it, and they could not become so by adding their signatures and seals to those of their respective wives. If this doctrine needed authority, it is found in the cases referred to by the defendant’s counsel;
 
 Leefflin
 
 v.
 
 Curtis,
 
 13 Mass. Rep. 233 ;
 
 Catlin
 
 v.
 
 Weare,
 
 9 Ibid. 217; 2 Cruise Dig. 260, note 2. See also,
 
 Kerns
 
 v.
 
 Peeler,
 
 4 Jones’ Rep. 226. This view of the case, renders it unnecessary to consider whether the privy examination of the wives was properly taken, for we suppose no person will contend that the privy examination of a wife to the execution of a deed, to which her husband is not a party, can be of any avail.
 

 Per Curiam,
 

 Judgment affirmed.